UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FRITZNEL DORIVAL,

Petitioner,

v.

CHRISTOPHER LAROSE, WARDEN, Otay Mesa Detention Center; MARKWAYNE MULLIN, SECRETARY, U.S. Department of Homeland Security; DAVID J. VENTURELLA, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE DIRECTOR, U.S. Immigration and Customs Enforcement; TODD BLANCHE, ATTORNEY GENERAL OF THE UNITED STATES, U.S. Department of Justice,

Respondents.

Case No.: 3:26-cv-5484-JES-SBC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Before the Court is Petitioner Fritznel Dorival's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 . ECF No. 1. Pursuant to the Court's Order to Show Cause (ECF No. 2), Respondents filed a Return to the Petition and Petitioner filed a Traverse. ECF Nos. 4, 5.

Petitioner is a native of Haiti who was processed and paroled into the United States in October of 2022. ECF No. 1 ¶¶ 25–26. Respondents issued Petitioner a Form I-94 reflecting October 12, 2022, as his arrival date and "DT" as his class of admission. *Id.* ¶ 27. From that date through September 22, 2026, Petitioner alleges that he remained at liberty within the United States, applied for and received Temporary Protected Status, and pursued an asylum claim before USCIS. *Id.* ¶¶ 28–30. While Respondents did initiate removal proceedings against Petitioner, those proceedings were terminated in August of 2023 without appeal. *Id.* ¶ 35. On September 22, 2026, Petitioner was stopped by ICE officers while he was shopping at a local store and was then taken into custody. *Id.* ¶ 33. Petitioner alleges that Respondents did not provide him with any prior notice that his liberty would be revoked, no individualized explanation for his re-detention, and no opportunity to contest the revocation of his liberty before a neutral decisionmaker. *Id.* ¶ 35. He has since been transferred to the Otay Mesa Detention Center in San Diego, California, where he is currently detained. *Id.*

In their return, Respondents acknowledge that Petitioner had previously been released on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5). ECF No. 4 at 2. Respondents further state that they do not oppose the petition and "defer to the Court as to the appropriate relief." *Id.* at 3.

In light of Respondents' statements, the Court will decline to engage in a full analysis of the claims as well. Petitioner states that he was previously released by the government in October 2022. Many courts, including this one, have repeatedly held that a prior grant of release raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Totskii v. LaRose*, No. 26-CV-1053-JES-JLB, 2026 WL 905331 (S.D. Cal. Apr. 2, 2026); *Isoev v. Larose*, No. 26-CV-1361-JES-DDL, 2026 WL 776308 (S.D. Cal. Mar. 19, 2026). Accordingly, the Court adopts its prior reasoning and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of

his prior release that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **<u>October 13, 2026</u>**, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 5, 2026

Honorable James E. Simmons Jr.
United States District Judge